UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 2:12-00147

RANDALL JIM HUGHES


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On December 14, 2016, the United States of America appeared by Joshua C. Hanks, Assistant United States Attorney, and the defendant, Randall Jim Hughes, appeared in person and by his counsel, Brian D. Yost, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Jeffrey D. Bella.  The defendant commenced a three-year term of supervised release in this action on January 26, 2016, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on May 2, 2013.

The court heard the admissions of the defendant, the evidence and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the state and local offense of driving without a license on or about March 27, 2016, as evidenced by his plea of guilty in municipal court; (2) the defendant used and possessed methamphetamine as evidenced by a positive urine specimen submitted by him on July 21 and October 18, 2016, the defendant having signed an admission form on each occasion indicating he nasally ingested methamphetamine; (3) the defendant failed to report as instructed to the probation office during the months of August, September and October 2016, rendering his whereabouts unknown; (4) the defendant failed to submit monthly reports as instructed for the months of April, May, June, July, August and September 2016; (5) the defendant failed to report to the probation officer on July 19, 2016, as instructed by the probation officer on June 15, 2016, via text message; (6) the defendant failed to follow all of the instructions communicated to him by the probation officer on July 21, 2016, as more fully set forth in Violation 2; (7) the defendant failed to pay the special assessment as directed by the probation officer; (8) the defendant failed to notify the probation officer that he was

2

stopped and questioned by law enforcement on March 27, 2016; and (9) the defendant failed to spear for drug screens as instructed on March 8 and 30, April 11, May 10 and 23, June 2 and 17, July 16 and 14, August 10 and 26, September 9 and 13, and October 3, 2016; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.  As more fully set forth on the record of the hearing, the court found that it is not proven by a preponderance of the evidence that the defendant possessed firearms and ammunition as alleged in the amendment to the petition.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to

3

the extent set forth below, it is accordingly ORDERED that the
defendant be, and he hereby is, committed to the custody of the
United States Bureau of Prisons for imprisonment for a period of
SIX (6) MONTHS, to be followed by a term of thirty (30) months
of supervised release upon the standard conditions of supervised
release now in effect in this district as promulgated by the
Administrative Office of the United States Courts (National Form
AO 245B) and the standard conditions as set forth in Local Rule
32.3 and the special conditions that he spend a period of six
months in a community confinement center, follow the rules and
regulations of the facility, and make himself available for drug
abuse counseling and treatment, as well as anger management
counseling.

The defendant was remanded to the custody of the
United States Marshal.

The Clerk is directed to forward copies of this
written opinion and order to the defendant, all counsel of
record, the United States Probation Department, and the United
States Marshal.

DATED:  December 20, 2016

John T. Copenhaver, Jr.
United States District Judge

4